**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRIANA TOLEDO,

       Plaintiff,

                                  Case No. 3:16-cv-1003-J-34PDB

v.

USAA CASUALTY INSURANCE
COMPANY,

       Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

       Plaintiff Briana Toledo (Toledo) initiated this lawsuit on June 10, 2016, by filing a Complaint in the Circuit Court for the Third Judicial Circuit in and for Columbia County, Florida. See Complaint (Doc. 2). Defendant USAA Casualty Insurance Company (USAA) filed Defendant's, USAA Casualty Insurance Company, Notice of Removal (Doc. 1; Notice) on August 5, 2016, after being served with the Complaint on July 6, 2016. See Notice of Service of Process (Doc. 1-4), at 3. In the Notice, USAA asserts that the Court has diversity

jurisdiction over this matter because "[t]his is an action between citizens of different states and this is a civil action . . . [i]n which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs." See Notice ¶ 2 (1)–(2); see also id. ¶ 3 ("Plaintiff and Defendant are diverse in citizenship."). Specifically, USAA alleges that it is citizen of Texas, as it "is a foreign corporation, incorporated under the laws of Texas, with its principal place of business in San Antonio, Texas." See id. ¶ 5. However, as to Toledo's citizenship, USAA is silent, alleging only that she "is a resident of Florida," and that "[u]pon information and belief, [Toledo] resides in Live Oak, Columbia County, Florida." See id. ¶ 4 (emphasis added).

Where jurisdiction over an action is based on an allegation of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), the removing defendant must establish that the parties are citizens of different states and that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a)(1); see also King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007); Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,473 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); Xaros v. U.S. Fidelity & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). To establish diversity over a natural person, the Notice must include allegations of Toledo's citizenship, not where she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of [her] true, fixed, and permanent home and principal establishment . . . to which [s]he has the intention of returning whenever [s]he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted).

The Court's review of the Notice discloses that the requisite diversity of citizenship is not apparent from the allegations in either the Notice or the Complaint. As the Notice discloses only Toledo's residence, rather than her state of citizenship, the Court finds that USAA has not alleged the facts necessary to establish the Court's jurisdiction over this case. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will allow USAA an opportunity to establish that this Court has jurisdiction over this action.

Accordingly, it is **ORDERED**:

Defendant USAA Casualty Insurance Company shall have up to and including **AUGUST 23, 2016** to file an amended notice of removal containing sufficient information such that the Court can determine whether it has subject matter jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 9th day of August, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Counsel of Record

3